UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LAUVE and
ROBERT DAVIS,

        Plaintiffs,                           Case No. 17-cv-12726
                                                    Hon. Mark A. Goldsmith
vs.

JANICE WINFREY, et al.

        Defendants.
_____/

**OPINION & ORDER**
**DENYING MOTION TO INTERVENE (Dkt. 13)**

This matter is before the Court on Lucinda Darrah's motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) (Dkt. 13). Darrah states that she seeks to intervene so that this Court will order the City of Detroit to immediately canvas all of the petitions submitted to repeal Detroit City Ordinance No. 19-17 (the "Ordinance"), including those that she attempted to submit on August 23, 2017.[1] Both Plaintiffs and Defendants timely filed responses opposing Darrah's intervention (Dkts. 19, 20). For the reasons set forth below, Darrah's motion to intervene is denied.

Federal Rule 24 provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A request for permissive intervention is subject to the

---

[1] Darrah's motion references petitions that she says were submitted "the same day after John Lauve and Robert Davis turned in the bulk of the 7,900 signatures," Mot. to Intervene at 7; that is, August 18, 2017. However, the exhibits attached to her motion show that Darrah attempted to file petitions on August 23, 2017. This discrepancy is irrelevant to the resolution of this motion.

1

sound discretion of the court. Brewer v. Republic Steel Corp, 513 F.2d 1222, 1225 (6th Cir. 1975). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The court may refuse to allow intervention "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." 7C Wright & Miller, Federal Practice and Procedure § 1913 (3d ed.). The Federal Rules further provide that the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Defendants[2] first argue that Darrah's motion should be denied because she has not appended a pleading to her motion that sets out her claims, in violation of Rule 24(c). Defs. Resp. at 1 (Dkt. 19). The Sixth Circuit "take[s] a lenient approach to the procedural requirements of Rule 24(c)," E.E.O.C. v. Guardsmark, LLC, No. 2:13-cv-15229, 2014 WL 12724973, at *2 (E.D. Mich. June 5, 2014), and has found a district court's denial of a motion to intervene "on the basis that [the intervenor] failed to attach a pleading" to be an abuse of discretion, Providence Baptist Church v. Hillandale Committee, Ltd., 425 F.3d 309, 314 (6th Cir. 2005). The court reasoned that "the parties [were] clearly on notice as to [the intervenor's] positions and arguments." Id. Here, based on Darrah's motion, Defendants were able to conclude that "Ms. Darrah seeks to make the same Charter arguments as plaintiffs." Defs. Resp. at 1.[3] Therefore, the Court will not deny Darrah's motion on this ground.

---

[2] Plaintiffs' response in opposition to the motion to intervene incorporates Defendants' arguments by reference. Pls. Resp. at 1-2 (Dkt. 20).

[3] Defendants do note that it is difficult to discern what claim Darrah seeks to assert. Defs. Resp. at 1. However, Darrah states that she would like the Court to "order that the City immediately canvass all the petitions to Repeal Ordinance 19-17 submitted in a timely manner per the Article

Defendants further argue that Darrah's motion is untimely and prejudicial, as she seeks to make the same arguments that have been extensively briefed by the parties. Defs. Resp. at 1. Plaintiffs have already filed an emergency motion requesting that this Court compel the Defendant City Clerk, Janice Winfrey, to canvass the petitions submitted to repeal the Ordinance. See Pls. Emergency Mot. (Dkt. 5). The original parties fully briefed this issue. However, in its order denying Plaintiffs' Emergency Motion, the Court declined to dismiss Plaintiffs' claim, as the parties had not yet briefed its merits with a focus of whether it should be dismissed. See 11/13/2017 Order at 8 (Dkt. 21). Therefore, Darrah's intervention is not untimely or prejudicial.

Finally, Defendants argue that Darrah's position is adequately represented by the existing plaintiffs. Defs. Resp. at 1. The Court agrees. Plaintiffs have the exact same interest as Darrah – that is, to compel the City Clerk to canvass the petitions to repeal the Ordinance. If Plaintiffs prevail on their claims, Darrah will have obtained her desired relief. If they do not prevail, Darrah would not have been able to prevail either, as her petitions were submitted after Plaintiffs'. See Mot. to Intervene at 3, 7. Therefore, as Darrah's position is already adequately represented, the Court in its discretion denies the motion to intervene. See Platinum Sports Ltd. v. City of Detroit, No. 07-cv-12360, 2008 WL 5220576, at *2 (E.D. Mich. Dec. 12, 2008) ("Given that the Proposed Intervening Plaintiffs' interests . . . are being adequately represented, the Court is not persuaded to grant the request for permissive intervention.").

Accordingly, Darrah's motion to intervene (Dkt. 13) is denied.

SO ORDERED.

| | |
|---|---|
| Dated: December 6, 2017<br>Detroit, Michigan | s/Mark A. Goldsmith<br>MARK A. GOLDSMITH<br>United States District Judge |

---

12 of Detroit 2012 Charter rules." Mot. to Intervene at 3 (emphasis in original). This is sufficient to put the parties on notice of what relief Darrah seeks.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2017.

                                          s/Karri Sandusky
                                          Case Manager