UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LAUVE and
ROBERT DAVIS,

        Plaintiffs,                        Case No. 17-cv-12726
                                                         Hon. Mark A. Goldsmith
vs.

JANICE WINFREY, et al.

        Defendants.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFFS' EMERGENCY MOTION FOR A CERTIFICATE OF**
**APPEALABILITY (Dkt. 28)**

      This matter is now before the Court on Plaintiffs John Lauve and Robert Davis's emergency motion for a certificate of appealability (Dkt. 28). This Court issued an order on November 13, 2017 denying Plaintiffs' emergency motion for a writ of mandamus and declaratory judgment with respect to counts VI and VII of the complaint (Dkt. 21). Plaintiffs now seek to immediately appeal the Court's ruling to the Sixth Circuit. For the reasons that follow, the Court denies Plaintiffs' motion.

**I.    BACKGROUND**

      Plaintiffs filed their original complaint on August 20, 2017, alleging that their rights were violated by Defendants Janice Winfrey, the Detroit City Clerk; Daniel Baxter, the director of Elections for the City of Detroit Election Commission; and the Detroit City Council when referendum petitions submitted by Plaintiffs were rejected. In addition to their claims for violations of procedural due process and equal protection pursuant to 42 U.S.C. § 1983, Plaintiffs requested that this Court issue a writ of mandamus compelling Defendant Janice Winfrey to

1

canvass the referendum petitions (Count VI) and issue a judgment declaring that 2017 Ordinance No. 19-17 – the subject of Plaintiffs' referendum petitions – is suspended until Defendant Winfrey makes a final report regarding the sufficiency of Plaintiffs' referendum petitions (Count VII). See Compl. (Dkt. 1). The next day, Plaintiffs filed an emergency motion for a writ of mandamus and declaratory judgment with respect to Counts VI and VII of their complaint (Dkt. 5).

This Court entered an order denying Plaintiffs' emergency motion, but expressly stated that it was not dismissing Counts VI and VII because "the parties [had] not briefed the merits of these counts with the focus of whether they should be dismissed[.]" Lauve v. Winfrey, No. 17-12726, 2017 WL 5247897, at *4 (E.D. Mich. Nov. 13, 2017). Plaintiffs filed the instant emergency motion nearly a month later, asking that this Court certify its order as a final judgment so that Plaintiffs may appeal the Court's decision to the Sixth Circuit.

## II. ANALYSIS

The Federal Rules of Civil Procedure provide that when an action presents more than one claim for relief,

> any order or other decision . . . that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities.

Fed. R. Civ. P. 54(b). However, the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Id.

The first step in a Rule 54(b) certification is the entry of a final judgment, which is satisfied "where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." General Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026-1027 (6th Cir. 1994). The "final judgment" must be "'final'

2

in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. at 1027 (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980)). Further, when describing what constitutes a "claim" for purposes of Rule 54(b), the Sixth Circuit has explained that "even though different theories of liability may have been asserted, the concept of a claim under Rule 54(b) denotes the aggregate of operative facts which give rise to a right enforceable in the courts." Id. at 1028 (quoting McIntrye v. First Nat'l Bank of Cincinnati, 585 F.2d 190, 191 (6th Cir. 1978)).

This Court has been clear that it did not dismiss Counts VI and VII of Plaintiffs' complaint even though it denied their motion. Accordingly, there has been no ultimate disposition of these counts. Additionally, these counts are not "claims," for purposes of Rule 54(b), separate from the other counts that Plaintiffs allege. Many, if not all,[1] of the counts alleged by Plaintiff arise "out of the same aggregate of operate facts," Lowery v. Fed. Express Corp., 426 F.3d 817, 821 (6th Cir. 2005); that is, Defendants' rejection of referendum petitions submitted by Plaintiffs in August 2017. "A district court's rejection of one of several requests for relief arising from a single wrong does not establish appellate jurisdiction under Rule 54(b)." GenCorp, 23 F.3d at 1028. Therefore, the requirement of "an ultimate disposition of an individual claim" has not been met.

---

[1] Plaintiffs filed an amended complaint (Dkt. 26) the same day that they filed the instant motion. They added two new claims: a request for a judgment declaring that § 12-101 of the 2012 Detroit City Charter is unconstitutionally void for vagueness, and a request for a declaratory judgment declaring that Ordinance No. 19-17 is not an appropriation ordinance. Plaintiffs allege that the former request for declaratory judgment is due to Defendants Winfrey and Baxter declaring the referendum petitions null and void "due to the Defendants' belief that Ordinance No. 19-17 was not subject to referendum because it was an ordinance that made an appropriation." Am. Comp. ¶ 107. Plaintiffs argue that the language in the Detroit City Charter referring to an "appropriation ordinance" is unconstitutionally void for vagueness. Id. ¶ 112. However, the latter request is related to Plaintiffs' desire to circulate initiative petitions, rather than referendum petitions, to repeal Ordinance No. 19-17, and thus does not appear to arise out of the same aggregate of operative facts as the other counts in the amended complaint. Am. Compl. ¶¶ 138-147.

Even assuming that the first step in Rule 54(b) certification had been met, the Court would then need to determine that there was no just reason to delay the appeal of Counts VI and VII. Such a determination "requires the district court to balance the needs of the parties against the interests of efficient case management." GenCorp, 23 F.3d at 1027. The Sixth Circuit has articulated the following non-exhaustive list of factors that the district court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Id. at 1030 (quoting Corrosioneering, Inc. v. Thyssen Envt'l Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986)).

Plaintiffs argue that an immediate appeal of this Court's decision is necessary so that the referendum may possibly be placed on the August 2018 Primary Election ballot. Pl. Mot. at 3-4. They contend that the remainder of the claims – including the new claims added in the amended complaint – may not be adjudicated in time for this to occur. Defendants respond that Plaintiffs' stated desire to place an initiative petition on the ballot may moot the current issues regarding the treatment of their referendum petitions, and also argue that Plaintiffs filed an amended complaint with new counts that "do not involve an actual controversy" while claiming that they are interested in a speedy resolution of this case. Def. Resp. at 3 (Dkt. 32).

The Court finds that the "undesirability of piecemeal appeals" weighs against Rule 54(b) certification. As stated above, there is a strong relationship between nearly <u>all</u> of Plaintiffs' counts, not just those that Plaintiffs wish to appeal, as all counts but one arise out of the same set of facts. This presents a high likelihood that the court of appeals would need to consider the same issues

4

multiple times, if these counts are appealed separately. Further, the Court notes that Defendants have already filed a motion to dismiss all of Plaintiffs' claims (including Counts VI and VII of the original complaint). It is, therefore, possible that all of the claims will be resolved as a result of the Court's decision on that motion, which would provide for a more efficient appeal.

### III.    CONCLUSION

For the reasons provided, Plaintiffs' emergency motion for a certificate of appealability (Dkt. 28) is denied.

SO ORDERED.

Dated: March 30, 2018　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2018.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager