UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LAUVE and
ROBERT DAVIS,

    Plaintiffs,        Case No. 17-cv-12726
                 Hon. Mark A. Goldsmith
vs.

JANICE WINFREY, et al.

    Defendants.
_____/

**OPINION & ORDER**
**DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT (Dkt. 36) AND DENYING PLAINTIFFS' MOTION FOR CERTIFICATE**
**OF APPEALABILITY (Dkt. 39)**

On July 10, 2018, this Court entered an opinion and order dismissing all but one of the claims in Plaintiffs' first amended complaint. Lauve v. Winfrey, No. 17-12726, 2018 WL 3363726 (E.D. Mich. July 10, 2018).[1] Defendants Janice Winfrey, Daniel Baxter, and Detroit City Council subsequently filed a motion for summary judgment on the remaining claim (Dkt. 36), and Plaintiffs John Lauve and Robert Davis filed a motion for a certificate of appealability of the Court's July 10, 2018 opinion (Dkt. 39). For the following reasons, the Court denies both motions.

### I.  BACKGROUND

The factual background has been set forth in the Court's previous opinions and need not be repeated in full here. In brief summary, the Detroit City Charter requires referendum petitions to contain 4,054 signatures and to be filed no later than thirty days after the underlying ordinance

---

[1] As noted in that opinion, "[c]ounts V and VI do not state causes of action. Count V is a request for attorney fees and costs, and Count VI seeks compensatory, punitive, and nominal damages." 2018 WL 3363726, at *7 n.7. However, as Defendants did not argue for dismissal of these claims, the Court concluded that "these counts will remain in the case unless and until a properly supported motion is directed to them." Id.

1

goes into effect. Lauve, 2018 WL 3363726, at *1. On August 4, 2017, Plaintiffs presented the City Clerk with referendum petitions, regarding 2017 Ordinance No. 19-17 (the "Ordinance"), that contained 362 signatures. Id. These petitions were rejected. Id. Plaintiffs returned two weeks later with petitions containing 7,927 signatures, but because the deadline to submit referendum petitions on the Ordinance had then passed, these petitions were rejected as untimely. Id. Plaintiffs then filed the instant lawsuit.

Plaintiffs alleged several violations of their constitutional rights, claiming that Defendants violated their procedural due process rights by rejecting their petitions and by failing to suspend the Ordinance. Plaintiffs also alleged that their equal protection rights were violated, because another individual – Tom Barrow – had turned in less than the required 4,054 signatures for his initiative petitions in 2015, but was provided an additional fifteen days to submit additional signatures. They also argued that the 2012 Detroit City Charter was unconstitutionally void for vagueness, requested that the Court issue a writ of mandamus compelling Defendant Janice Winfrey to canvass the referendum petitions submitted by Plaintiffs, requested that the Court issue a declaratory judgment suspending the Ordinance until Winfrey makes a final report regarding Plaintiffs' petitions, and requested a declaratory judgment stating that the Ordinance is not an appropriation ordinance. See generally 1st Am. Compl. (Dkt. 26). This Court rejected all but one of Plaintiffs' claims. However, the Court found that Plaintiffs had plausibly alleged "an equal protection violation, as they have alleged that Davis was intentionally treated differently than a similarly-situated comparator due to Defendants' animus." Lauve, 2018 WL 3363726, at *4.

## II. STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact

exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. Scott, 550 U.S. at 380; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Scott, 550 U.S. at 380 (quoting Matsushita, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," id. (quoting Anderson, 477 U.S. at 247-248) (emphasis in original); see also Babcock & Wilcox Co. v. Cormetech, Inc., 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment.").

### III. ANALYSIS

#### A. Defendants' Motion for Summary Judgment

The Equal Protection Clause prohibits discrimination by the government that intentionally treats an individual differently than other similarly-situated individuals without any rational basis for this difference. TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cty., Ohio, 430 F.3d 783, 788 (6th Cir. 2005). The "basic requirements" for a class-of-one claim are that a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Franks v. Rubitschun, 312 F. App'x 764, 766 (6th Cir. 2009) (quoting

3

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). "A 'class of one' plaintiff may demonstrate that government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." TriHealth, 430 F.3d at 788.

Defendants argue that summary judgment on Plaintiffs' equal protection claim is warranted because Tom Barrow is not similarly-situated to Plaintiffs. Defs. Mot. for Summ. J. at 4 (Dkt. 36). To support their argument, they have submitted a declaration from Defendant Daniel Baxter, Director of the City of Detroit Department of Elections. Baxter asserts that Barrow submitted initiative petitions, which are timely if filed at least 140 days before the election at which they are to be voted on. Baxter Decl. ¶ 3 (Dkt. 36). Barrow filed initiative petitions with more than 4,054 signatures on May 1 and May 14, 2015. Id. ¶ 2. The next city election was March 8, 2016, and Barrow therefore filed his petitions well in advance of the deadline. Id. Defendants contend that Plaintiffs have failed to identify a similarly-situated comparator. Defs. Mot. for Summ. J. at 5.

Plaintiffs respond that they have not yet had the opportunity to take discovery in this case, and attach an affidavit from Davis setting forth the relevant facts he hopes to uncover in discovery. Pls. Resp. at 10 (Dkt. 44). In his affidavit, Davis asserts that he would like to depose and/or obtain an affidavit from Tom Barrow, as he believes that Barrow's testimony would contradict Baxter's declaration. Davis Aff. ¶ 5 (Dkt. 43). Davis further states that he believes the testimony of Baxter and Winfrey is necessary to prove that their personal animus towards him caused them to treat his referendum petitions differently. Id. ¶ 13.

"It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). "When a motion for summary judgment is filed, the party opposing the

4

motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion." Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004). "Bare allegations or vague assertions" of the need for discovery will not suffice; the party opposing the motion must "state with some precision" what he hopes to uncover, and how those materials would help him to oppose summary judgment. Id.

Plaintiffs have set forth, in Davis's affidavit, specific discovery that they would like to take in order to rebut Defendants' motion for summary judgment. As they have not yet had any opportunity to take discovery, the Court finds that Defendants' motion for summary judgment is premature. Accordingly, the Court denies Defendants' motion without prejudice, so that the parties may engage in discovery.

### B. Plaintiffs' Motion for Certificate of Appealability

Plaintiffs have also filed a motion for a certificate of appealability of the Court's July 10, 2018 Opinion and Order. They ask that the Court enter a final judgment with respect to all counts except Counts III, V, and VI, which pertain to the equal protection claim. Pls. Mot. at 3 (Dkt. 39).

The Federal Rules of Civil Procedure provide that when an action presents more than one claim for relief,

> any order or other decision . . . that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). However, the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Id. The Sixth Circuit has stated that only an "infrequent harsh case" merits Rule 54(b) certification. Rudd Construction Equip. Co. v. Home Ins. Co., 711 F.2d 54, 56 (6th Cir. 1983).

5

The first step in a Rule 54(b) certification is the entry of a final judgment, which is satisfied "where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." General Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026-1027 (6th Cir. 1994). The "final judgment" must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. at 1027 (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980)). Further, when describing what constitutes a "claim" for purposes of Rule 54(b), the Sixth Circuit has explained that "even though different theories of liability may have been asserted, the concept of a claim under Rule 54(b) denotes the aggregate of operative facts which give rise to a right enforceable in the courts." Id. at 1028 (quoting McIntrye v. First Nat'l Bank of Cincinnati, 585 F.2d 190, 192 (6th Cir. 1978)) (quotations and alterations omitted).

If this step has been met, the Court then determines whether there is any just reason to delay the appeal. Such a determination "requires the district court to balance the needs of the parties against the interests of efficient case management." Id. at 1027. The Sixth Circuit has articulated the following non-exhaustive list of factors that the district court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Id. at 1030 (quoting Corrosioneering, Inc. v. Thyssen Envt'l Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986)).

The Court denies Plaintiffs' request. Plaintiffs already sought a certificate of appealability of one of this Court's prior orders; in denying that motion, the Court found that "[m]any, if not all,

6

of the counts alleged by Plaintiff arise 'out of the same aggregate of operate facts'; that is, Defendants' rejection of referendum petitions submitted by Plaintiffs in August 2017." Lauve v. Winfrey, No. 17-12726, 2018 WL 1556239, at *2 (E.D. Mich. Mar. 30, 2018) (quoting Lowery v. Fed. Express Corp., 426 F.3d 817, 821 (6th Cir. 2005)) (internal citation omitted). Here again, Plaintiffs' equal protection claim arises out of the same wrong as the claims that were dismissed – Defendants' rejection of their referendum petitions.

The Court finds that there is just reason for delay, as the factors in step two weigh against certification. There is a close relationship between the adjudicated and unadjudicated claims, and if the Court were to grant Plaintiffs' motion, the Sixth Circuit may ultimately be required to consider the same underlying facts regarding Plaintiffs' petitions a second time. See 10 Wright & Miller, Fed. Prac. & Proc. § 2654 (3d ed.) ("[I]f the claims in an action are closely related and there is a risk of repetitive appeals, the district court may decide that this is a reason for delaying review and refuse to make the determination required by Rule 54(b)."). Although the second and fourth factors do not weigh against granting Plaintiffs' requested relief, the Court finds that judicial economy and "the undesirability of piecemeal appeals" weigh against Rule 54(b) certification. Lauve, 2018 WL 1556239, at *3.

Plaintiffs argue that they desire to immediately appeal the Court's decision so that they could "possibly place the referendum on the November 2018 General Election ballot." Pls. Mot. at 5. This argument is completely disingenuous. As Defendants point out in their response, the deadline for petitions to place county and local questions on the November general election ballot to be filed with county and local clerks was July 31, 2018. 2018 Michigan Election Dates, Ex. 1 to Defs. Resp., at 8 (Dkt. 42-2). Plaintiffs did not file their motion for a certificate of appealability until August 21, 2018 – well after the deadline. Further, Plaintiffs do not explain why they waited six weeks after the Court issued its opinion to file a motion for a certificate of appealability, and

7

then claimed that such certificate was necessary so that their claims could be adjudicated on an expedited basis. Notably, Plaintiffs did not file a reply in support of their motion in order to contradict Defendants' arguments regarding the deadline.

Plaintiffs claim that this case is like Davis v. Detroit Public Schools Community District, No. 17-12726 (E.D. Mich.), where this Court issued a certificate of appealability as to the plaintiffs' state-law claims while allowing the plaintiffs' "class of one" equal protection claim to proceed in the district court. Pls. Mot. at 4. However, in Davis, the plaintiffs sought to only appeal their state-law claims regarding the expenditure of school millage funds; the claim that remained in the district court concerned Plaintiff Davis's alleged mistreatment at a school-board meeting. Davis v. Detroit Pub. Sch. Cmty. Dist., No. 17-12100, 2017 WL 3332641 (E.D. Mich. Aug. 5, 2017). The two sets of claims did not share a common factual basis. Further, and perhaps most importantly, this Court in Davis found that there was no just reason for delay due to the emergency nature of the plaintiffs' claims, noting "the looming statutory deadline" and observing that while "the instant exigency might indeed be Plaintiff's fault, the fact of the exigency remains." Id. at *3, *4. That is not the case here.

Accordingly, Plaintiffs' motion for a certificate of appealability is denied.

## IV. CONCLUSION

For the reasons provided, Defendants' motion for summary judgment (Dkt. 36) is denied without prejudice. Plaintiffs' motion for certificate of appealability (Dkt. 39) is denied.

SO ORDERED.

Dated: November 5, 2018             s/Mark A. Goldsmith
   Detroit, Michigan                 MARK A. GOLDSMITH
                                             United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2018.

                                                                    s/Karri Sandusky
                                                                    Case Manager